UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON ALLEN OLRICH,

        Plaintiff,

   v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 17-cv-0486-bhl

## ORDER

On April 4, 2017, Jason Allen Olrich filed, without the assistance of counsel, a "Complaint for Review of a Final Decision by the Commissioner of the Social Security Administration." (ECF No. 1.) At the time he filed the complaint, Olrich was an inmate at Racine Correctional Institution. Olrich also filed motions for leave to proceed without prepayment of the filing fee (ECF Nos. 2, 8, 22); two motions to appoint counsel (ECF Nos. 49, 52); two motions for writ of habeas corpus seeking transport to a May 8, 2018 hearing before the Administrative Law Judge (ALJ) (ECF Nos. 23, 24); two motions for status of the ALJ's hearing decision (ECF Nos. 30, 35); a motion for a supplemental hearing before the ALJ (ECF No. 37); a motion for an order directing the Social Security Administration to provide forms to subpoena specialists (ECF No. 46); a motion for a hearing for exhausting administrative remedies (ECF No. 48); two motions to appoint counsel (ECF Nos. 49, 52); and a motion to proceed in federal court (ECF No. 51). On September 28, 2018, the Defendant filed a motion to dismiss the complaint (ECF No. 39).

On September 21, 2020, the case was reassigned. This order resolves the plaintiff's motions, screens the complaint, and dismisses the case.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). Olrich has requested leave to

proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Olrich has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $4.91. Olrich's motions for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

On June 30, 2015 and July 1, 2015, Olrich filed applications for a period of disability and disability insurance benefits and supplemental security income, respectively. The applications were denied by the Social Security Administration initially on October 6, 2015 (ECF No. 39-1, Exhibit 1 to Declaration of Nancy Chung), and upon reconsideration on March 16, 2016 (ECF No. 39-1, Exhibit 2 to Declaration of Nancy Chung).

On April 21, 2016, the plaintiff filed a request for a hearing before an Administrative Law Judge of the Office of Disability Adjudication and Review (ECF No. 39-1, Exhibit 3 to Declaration of Nancy Chung). At the time this complaint was filed, April 4, 2017, the ALJ had not issued a decision.

## DISCUSSION

Even though the complaint had not been screened and the defendant had not been served, the Commissioner has appeared in this case. (ECF No. 38). In fact, the Commissioner has filed a motion to dismiss, arguing that Olrich failed to exhaust his administrative remedies and the

complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 39).[1] Olrich filed a brief in opposition to the Commissioner's motion on December 10, 2018. This decision addresses the Commissioner's motion to dismiss arguments.

In his opposition, Olrich recounts the history of his claims and the proceedings before the Social Security Administration. (ECF No. 44.) In the opposition and other subsequent filings, Olrich has repeatedly referred to proceedings before the Social Security Administration that took place *after* this complaint was filed.[2] Because the Court will consider these and other items outside the pleadings, it will treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id*. at 255.

Federal courts may only review "final" decisions of the Social Security Administration made after a "hearing." *See* 42 U.S.C. §§405(g), (h); *Mathews v. Eldridge*, 424 U.S. 319, 328-29 (1976). For a decision to be "final" under Title II of the Social Security Act, the claimant must

---

[1] Alternatively, the Commissioner argues Olrich failed to serve a summons and copy of the complaint as required by Fed. R. Civ. P. 4. The lack of service was the result of the complaint still needing to be screened and was not the fault of Olrich. The Court will not further address the Commissioner's service arguments.

[2] Olrich refers to the following post-complaint proceedings before the Administration: a May 8, 2018 hearing before the ALJ (ECF Nos. 23, 24, 25, 28, 29, 30, 35, 48); a supplemental hearing before the ALJ held on December 11, 2018 or December 17, 2018 (ECF Nos. 44, 51); and an unfavorable April 11, 2019 ALJ hearing decision (ECF Nos. 47 48). Olrich filed copies of letters dated April 15, 2019, April 27, 2019, and May 10, 2019 to the Appeals Council requesting appeal of the ALJ's April 11, 2019 hearing decision. (ECF Nos. 48-1, 50). Olrich also filed various exhibits which purport to be official SSA documents, including a copy of an ALJ letter dated September 11, 2018, informing Olrich he had secured additional evidence related to the record and providing information regarding Olrich's right to supplement the record and request a supplemental hearing (ECF No. 37-1); an incomplete copy of an ALJ determination dated April 11, 2019 that, based on the application for a period of disability and disability insurance benefits filed on June 30, 2015, Olrich was not disabled under sections 216(1) and 223(d) of the Social Security Act (ECF Nos. 48-1, 51-1); and an incomplete Appeals Council Notice of Review dated May 11, 2019 (ECF No. 51-1). Olrich did provide a complete copy of an ALJ Hearing Decision dated March 26, 2014, finding he was not disabled under sections 216(i) and 223(d) of the Social Security Act, based on an application filed on November 8, 2011, which had alleged disability beginning on April 26, 2010. (ECF Nos. 44-1-1, 48-1.) That 2014 hearing decision, however, pertained to a period of alleged disability that predated the benefit applications at issue in this case.

complete a multi-step administrative review process. *See* 20 C.F.R. §404.900; *Washington v. Saul*, 788 F. App'x 388, 389 (7th Cir. 2019) (citing *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019); *Sims v. Apfel*, 530 U.S. 103, 107 (2000)). Those steps include (1) an initial benefit determination by a disability examiner, 20 C.F.R. §416.1402; (2) a reconsideration determination, 20 C.F.R. §416.1407; (3) a hearing before an Administrative Law Judge, 20 C.F.R. §416.1429 ; and (4) review by the Appeals Council, 20 C.F.R. §416.1467. The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is binding, unless the claimant files an action in district court, or the decision is revised. 20 C.F.R. §416.1481.

The record establishes that, at least at the time of the complaint, Olrich's claim for benefits has not been through the required pre-lawsuit process. Assuming the Commissioner bears the burden of proving a defense of failure to exhaust, *see Washington v. Saul*, 788 F. App'x at 389, the defendant has clearly satisfied his burden with unrebutted evidence that, at the time this complaint was filed, the ALJ had not issued a decision. Indeed, if there were any question, the documents filed by Olrich support this conclusion. Olrich's failure to exhaust his administrative remedies before filing his complaint precludes judicial review of his claim for denial of benefits. *See* 20 C.F.R. §404.900(b); *Sims*, 530 U.S. at 107. The Court must dismiss this case without prejudice and without commenting on the merits of Olrich's underlying disability claim.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss, construed as a Motion for Summary Judgment (ECF No. 39) is GRANTED and this action is DISMISSED without prejudice due to the Plaintiff's failure to exhaust his administrative remedies.

IT IS FURTHER ORDERED that Plaintiff's Motions for Leave to Proceed *In Forma Pauperis* (ECF. Nos. 2, 8, 22) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motions to Appoint Counsel (ECF No. 49, 52); Plaintiff's Motions for Writ of Habeas Corpus (ECF No. 23, 24); Plaintiff's Motions for Status of ALJ Hearing Decision (ECF No. 30, 35); Plaintiff's Motion for Supplemental Hearing Before ALJ (ECF No. 37); Plaintiff's Motion for Order Directing SSA to Provide Forms to Subpoena Specialists (ECF No. 46); Plaintiff's Motion for Hearing for Exhausting

Administrative Remedies (ECF No. 48); Plaintiff's Motions to Appoint Counsel (ECF Nos. 49, 52); Plaintiff's Motion to Proceed in Federal Court (ECF No. 51) are DENIED as moot.

Dated at Milwaukee, Wisconsin this 24th day of March, 2021.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge